IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT MCGEE<br>704 S. Bloodworth Street<br>Raleigh, NC 27601<br>        Plaintiff<br><br>v.<br><br>THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA<br>1936 Cottman Avenue<br>Philadelphia, PA 19111<br>        Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: NO.: |

## COMPLAINT

NOW COMES, the Plaintiff, Robert McGee, by and through his Counsel, Pond, Lehocky, LLP, and hereby complains of the above referenced Defendant, The Prudential Insurance Company of America (hereinafter referred to as " Prudential"), as follows:

I.   **STATEMENT OF JURISDICTION:**

1. Jurisdiction is conferred upon this Honorable Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e). This Honorable Court has jurisdiction over all issues raising a federal question and this instant matter involves a disability policy issued to the Claimant through his Employer, thus it is governed by the Employee Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. § 1011, et seq.

2. Venue is proper in this jurisdiction under the ERISA statute, venue is

proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. §1132(e)(2):

    a.    All acts and occurrences material to the instant causes of action occurred within the jurisdictional boundaries of this Honorable Court as the Defendant, Prudential administered Plaintiff's benefits and issued the denial of benefits through its Disability Management Services office located in Philadelphia, PA. A copy of the denial is attached hereto and marked as Exhibit "A."

## II. FACTS:

    3.    The Plaintiff, Robert McGee, is an adult and competent individual with a physical address of 704 S. Bloodworth Street, Raleigh, NC 27601.

    4.    The Defendant, Prudential, under information and belief, is a business entity with a business address located at 1936 Cottman Avenue, Philadelphia, PA, and has a specific office designated for disability management services located in Philadelphia, PA.

    5.    Prudential is a business entity which issues disability insurance policies which are governed by the Employee Retirement Insurance Security Act (ERISA), 29 U.S.C. §1011, et seq.

    6.    On a date certain, Prudential issued a policy providing disability insurance benefits the Plaintiff through the his employer, Autodesk, Inc.

    7.    The policy of insurance aforementioned provided for an employee

benefit plan as defined and covered under the terms of ERISA.

8. At all times material and relevant hereto, all policy premiums due on behalf of the Plaintiff under said policy were paid.

9. At all times material and relevant hereto, the Plaintiff performed all obligations required of him under said contract of insurance.

10. At all times material and relevant hereto, the Plaintiff was a qualified participant in the employee benefit plan provided by Prudential to the Plaintiff's employer.

11. On a date certain, the Plaintiff filed an application for long term disability benefits with Prudential when he ceased working as a Marketing Manager. By correspondence, Prudential informed the Plaintiff that they were unable to pay the Plaintiff benefits.

12. The Plaintiff filed an administrative appeal and submitted additional medical records and opinions of his treating doctors in support of his claim.

13. By correspondence dated August 2, 2022, Prudential denied the Plaintiff's administrative appeal and informed him of his right to bring a civil action disputing the adverse benefit decision.

14. Prudential acted arbitrarily, capriciously and in a manner serving only its own business interest when it denied the Plaintiff's claim for disability benefits.

15. The actions of Prudential in denying the Plaintiff's claim for disability

insurance benefits was arbitrary, capricious and was not made in good faith and made in violation of 29 U.S.C. §1001, et seq.

16. The actions of Prudential in denying the Plaintiff's claim for disability insurance benefits are contrary to the language of the policy in question.

17. The Plaintiff is entitled to disability insurance benefits under the aforementioned policy as he has satisfied through medical evidence that he meets the definition of disability under the policy of insurance.

18. The Plaintiff is entitled to recover the benefits due to him under the aforementioned insurance policy in accordance with 29 U.S.C. §1132.

19. As a direct and proximate result of the actions of Prudential as herein above more particularly described, the Plaintiff has been caused to incur attorneys' fees in an amount not yet known.

20. As a direct and proximate result of the actions of Prudential, the Plaintiff has sustained damages in an amount not yet known to the Plaintiff; however, upon information and belief, such damages will approximate the amount of benefits due and owing to the Plaintiff from January 14, 2021 and continuing into the future.

WHEREFORE, the Plaintiff, Robert McGee, respectfully requests that judgment be entered against Prudential as follows:

1. Ordering Prudential to pay to the Plaintiff, Robert McGee, all long term disability insurance benefits due and owing to him from January 14,

2021 and continuing into the future;

2. Awarding the Plaintiff, Robert Benson, prejudgment interest on the award until the date of judgment;

3. Awarding the Plaintiff's attorney's fees, court costs and other reasonable costs incurred for the prosecution of the instant action;

4. Granting such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

BY: *[signature]*

Michael J. Parker
PA Bar Id. No.: 93024

Pond, Lehocky, LLP
One Commerce Square
2005 Market Street
18th Floor
Philadelphia, PA 19103
(215)568-7500